Melissa D. Wischerath
Lipsitz Green Scime Cambria LLP
42 Delaware Avenue, Suite 120
Buffalo, NY 14202
(716) 849-1333
mwischerath@lglaw.com
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDY OCASIO, | Civil No. 1:23-cv-00157 |
| Plaintiff, | **SECOND AMENDED COMPLAINT** |
| vs. | JURY TRIAL DEMANDED |
| CITY OF BUFFALO,<br>POLICE OFFICER JUSTIN A. AYALA,<br>POLICE OFFICER DANIEL CARLSON,<br>POLICE OFFICER PATRICK KINSELLA,<br>POLICE OFFICER MATTHEW SERAFINI,<br>POLICE OFFICER STEPHEN LESNIAK,<br>LIEUTENANT ERIC HOFSCHNIDER, | |
| **Defendants.** | |

Plaintiff, ANDY OCASIO, ("plaintiff") by his attorneys, LIPSITZ GREEN SCIME CAMBRIA LLP, for his Second Amended Complaint against defendants, alleges:

## **PARTIES**

1. Plaintiff was and still is a resident of the City of Buffalo located within the County of Erie and the State of New York.

2. Defendant, CITY OF BUFFALO (the "City"), is a municipal corporation duly organized and existing under and pursuant to the laws of the State of New York.

3. Defendant, POLICE OFFICER JUSTIN A. AYALA, was and still is a resident of the City of Buffalo located within the County of Erie and the State of New York.

4. Defendant, POLICE OFFICER DANIEL CARLSON, was and still is a resident of the City of Buffalo located within the County of Erie and the State of New York.

5. Defendant, POLICE OFFICER PATRICK KINSELLA, was and still is a resident of the City of Buffalo located within the County of Erie and the State of New York.

6. Defendant, POLICE OFFICER MATTHEW SERAFINI, was and still is a resident of the City of Buffalo located within the County of Erie and the State of New York.

7. Defendant, POLICE OFFICER STEPHEN LESNIAK, was and still is a resident of the City of Buffalo located within the County of Erie and the State of New York.

8. Defendant, LIEUTENANT ERIC HOFSCHNIDER, was and still is a resident of the City of Buffalo located within the County of Erie and the State of New York.

9. Defendant, POLICE OFFICER JUSTIN A. AYALA, was employed by Defendants, CITY OF BUFFALO and/or BUFFALO POLICE DEPARTMENT.

10. Defendant, POLICE OFFICER DANIEL CARLSON, was employed by Defendants, CITY OF BUFFALO and/or BUFFALO POLICE DEPARTMENT.

11. Defendant, POLICE OFFICER PATRICK KINSELLA, was employed by Defendants, CITY OF BUFFALO and/or BUFFALO POLICE DEPARTMENT.

12. Defendant, POLICE OFFICER MATTHEW SERAFINI, was employed by Defendants, CITY OF BUFFALO and/or BUFFALO POLICE DEPARTMENT.

13. Defendant, POLICE OFFICER STEPHEN LESNIAK, was employed by Defendants, CITY OF BUFFALO and/or BUFFALO POLICE DEPARTMENT.

14. Defendant, LIEUTENANT ERIC HOFSCHNIDER, was employed by Defendants, CITY OF BUFFALO and/or BUFFALO POLICE DEPARTMENT.

**FACTS**

15. On or about the 31st day of October, 2021, at approximately 12:42 a.m., in front of his friend's home on Newfield Street, Buffalo, New York, plaintiff was a witness to and filming an arrest taking place at that location.

16. Defendants, POLICE OFFICER JUSTIN A. AYALA, POLICE OFFICER DANIEL CARLSON, POLICE OFFICER PATRICK KINSELLA, POLICE OFFICER MATTHEW SERAFINI and POLICE OFFICER STEPHEN LESNIAK ("defendants"), arrived on the scene and exited their police vehicle, grabbed the plaintiff, and shoved him to the ground.

17. Defendants, POLICE OFFICER JUSTIN A. AYALA, POLICE OFFICER DANIEL CARLSON, POLICE OFFICER PATRICK KINSELLA, POLICE OFFICER MATTHEW SERAFINI and POLICE OFFICER STEPHEN LESNIAK, then beat plaintiff while he was on the ground, including sudden, violent kicks to the head, stomping on his head, and kneeing him and kneeling on his back, choking him, and spraying him with mace, and causing plaintiff to suffer serious injuries.

18. On the scene, there were several officers and supervisors who had a "realistic opportunity" to intervene and failed to do so.

19. Defendant, LIEUTENANT ERIC HOFSCHNIDER, was the supervisor present at the scene of the incident during the assault.

3

20. While in police custody, plaintiff sustained serious injuries, including, but not limited to, facial trauma; significant hematoma of right eye; blurry vision of right eye; closed head injury; headaches; neck pain; and a laceration to his right cheek.

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS
## PLAINTIFF, ALLEGES:
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT
(Excessive Use of Force in Violation of the Fourth Amendment)

21. On September 14, 2021, the defendants violated plaintiff's right to be free from excessive force under the Fourth Amendment of the United States Constitution during their arrest of him for filming a police interaction.

22. The amount of force used was unnecessary and excessive, especially considering that filming police is not a crime, and one of the defendant's stomped on and kicked plaintiff in the head at least three times while plaintiff was being held down and kneeled on by approximately five officers, one of whom already had plaintiff's arm.

23. By their unlawful actions as described herein, defendants, under color of law, subjected plaintiff, to the deprivation of rights, privileges, or immunities guaranteed and secured by the United States Constitution, namely, plaintiff's rights to freedom from unreasonable seizure by the use of unlawful, unnecessary and excessive use of force against plaintiff.

24. Defendants violated rights held by plaintiff which are clearly established, and no reasonable official similarly situated as defendants could have believed that such conduct was lawful or within the bounds of reasonable discretion. Therefore, defendants lack qualified or statutory immunity from suit or liability.

25. Defendants' use of force was sufficiently unreasonable and conscience shocking.

26. The actions of the defendants, as described herein, were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon plaintiff. As a result of this intentional conduct, plaintiff, is entitled to punitive damages against defendants, in an amount sufficient to punish them and to deter others from similar conduct.

27. Plaintiff was required to hire attorneys to represent them in this matter and is thus entitled to an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS
## PLAINTIFF, ALLEGES

(Failure to Intervene to Prevent Unconstitutional Conduct)

MUNICIPAL AND SUPERVISORY LIABILITY

28. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs above of this Complaint with the same force and effect as if fully set forth herein.

29. Defendants violated their affirmative duty to protect plaintiff's constitutional rights from infringement by other present law enforcement officers.

30. Here, there were several officers and supervisors who had a "realistic opportunity" to intervene and failed to do so, including defendant, LIEUTENANT ERIC HOFSCHNIDER, who was the supervisor on the scene.

31. However, rather than intervene, defendant Lt. Hofschnider held up a flash light to shine light on the misconduct, and after witnessing the unnecessary and excessive force asked, "what did that guy do?"

32. The defendants failed to intervene when defendants unreasonably searched and seized, assaulted, committed battery, used excessive force, involuntarily detained, falsely

imprisoned, falsely arrested, were negligent, abused process, violated plaintiff's Civil Rights under 42 U.S.C. § 1983, and did not intervene, despite having a realistic opportunity to prevent the harm.

33. As a result of the foregoing, plaintiff seeks an award of general, special, and punitive damages in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, and an award of attorney's fees and costs.

## THIRD CAUSE OF ACTION, AGAINST DEFENDANT CITY, ABOVE NAMED, PLAINTIFF ALLEGES:

### MUNICIPAL AND SUPERVISORY LIABILITY

34. Plaintiff, repeats, reiterates, and realleges each and every allegation contained in paragraphs above of this Complaint with the same force and effect as if fully set forth herein.

35. On or about October 30, 2021, Defendant City was responsible for the training, supervision, and actions of the defendant officers.

36. Defendant CITY OF BUFFALO failed to properly train and/or supervise; failed to properly discipline Defendants and employees; failed to have proper rules, regulations, and/or protocols in place regarding the charges of obstruction and/or resisting arrest; use of excessive force; filming police interactions; and duty to intervene. Instead, Defendants acted pursuant to a policy of assaulting a person filming police practices and/or engaging in what the defendants perceived as "contempt of cop". Defendants failed to enforce those rules that did exist, and instead, acquiesced to the policy of illegal excessive force.

37. Defendant City's failure to monitor, discipline, and train officers constituted negligence under the common law of the State of New York, and a municipal policy of deliberative indifference to plaintiff's rights. Defendant's municipal negligence and policy caused the

aforementioned constitutional, statutory, and state violations, as well as injuries and damages sustained by plaintiff.

38. Due to the Defendant CITY OF BUFFALO's implementation and execution of the policy authorizing Defendants to violate of plaintiff's rights, plaintiff suffered severe, painful, permanent, and personal injuries; was rendered sick and sore; and suffered loss of enjoyment and quality of life.

39. The CITY OF BUFFALO failed to adequately train, supervise or control its officers, more particularly, defendants POLICE OFFICER JUSTIN A. AYALA, POLICE OFFICER DANIEL CARLSON, POLICE OFFICER PATRICK KINSELLA, POLICE OFFICER MATTHEW SERAFINI and/or POLICE OFFICER STEPHEN LESNIAK, in proper law enforcement techniques, including the proper use of force; probable cause, report writing, and the crimes of obstruction and/or resisting arrest; citizens filing police interactions; knee strike or blows to the head; securing a police area; and duty to intervene.

40. Upon information and belief, the CITY OF BUFFALO failed to take action to correct its officer's propensity to violate rules and regulations of the CITY OF BUFFALO.

41. Upon information and belief, the CITY OF BUFFALO, failed to institute customs or practices that could have protected plaintiff, or those similarly situated from use by its police officers of excessive force during arrests; and from and improper probable cause, report writing, and charges of obstruction and/or resisting arrest; citizens filing police interactions; knee strike or blows to the head; securing a police area; and duty to intervene.

42. As a result of the foregoing, plaintiff seeks an award of general, special, and punitive damages in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

# FOURTH CAUSE OF ACTION AGAINST DEFENDANT CITY, ABOVE-NAMED, THE PLAINTIFF ALLEGES:

(Monell Claim-Municipal Liability Pursuant to 42 U.S.C. Section 1983)

MUNICIPAL AND SUPERVISORY LIABILITY

43. Repeats, reiterates and realleges each and every allegation contained in the above paragraphs with the same force and effect as fully set forth herein.

44. A municipality, such as the CITY, may be held liable under § 1983 when its official policies or customs violate the Constitution. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

45. Defendant, CITY, established, condoned, ratified, and/or encouraged customs, policies, patterns, and practices that directly and proximately caused the deprivation of the civil and constitutional rights of plaintiff, and the damages and injuries described herein. They did so with deliberate indifference to the rights of the citizen and had actual and/or constructive knowledge of the pervasive and widespread practice of police use of excessive force, lack of probable cause, and improper charges of obstruction and/or resisting arrest, for many years yet failed to do anything to end the practice. These written and unwritten policies, customs, patterns, and practices included:

   a. Permitting police officers employing excessive force while effectuating arrests and during non-arrest interactions with individuals in the City and thereafter charging the victim with "cover charges" such as "resisting arrest" and "disorderly conduct" and "obstruction" to hide the excessive use of force by officers;

   b. Failing to train its officers regarding the constitutional rights of arrestees to be free from excessive force and to provide medical attention and treatment if necessary;

  c. Permitting police employing excessive force while effectuating arrests and during non-arrest interactions with individuals in the City to use excessive force in the absence of any objective circumstances presented to them that could support the application of such force;

  d. Failing to discipline officers that have repeatedly used force without justification;

  e. Failing to train officers to de-escalate encounters with the public and/or to intervene during an arrest;

  f. Failing to investigate and review use-of-force incidents and/or "cover charges";

  g. Failing to properly supervise and monitor police responsible for effectuating arrests;

  h. Failing to properly screen, during the hiring process, and supervise thereafter, police to eliminate excessive force, and false charges.

  i. Inadequately training officers to effectuate arrests without unnecessary force and/or intervene when excessive force is being deployed;

  j. Failing to have in place, or failing to follow, a policy or procedure to prevent officers from filing "cover charges" in order to cover up excessive force during an arrest;

  k. Wrongfully arresting persons for obstruction and/or resisting arrest and/or filming police interactions;

  l. Retaining the officer(s), when they knew or should have known of his/her propensity to abuse his/her position of authority as a City of Buffalo officer;

46. At all relevant times, defendants acted unreasonably and with deliberate indifference and disregard for the constitutional and civil rights of plaintiff. The actions of the defendants were malicious, willful, wanton and reckless.

47. The failure by defendants to supervise, train, or discipline personnel was so obvious that the failure to do so amounted to a policy of "deliberate indifference."

48. Such acts as alleged herein were the proximate cause of injury and damage to the plaintiff.

49. As a result of the above constitutionally impermissible conduct, plaintiff suffered violations of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, and physical injury.

50. Accordingly, plaintiff demands judgment against defendants for compensatory and equitable, including costs and fees, to be determined at trial.

**FIFTH CAUSE OF ACTION AGAINST DEFENDANT CITY, ABOVE-NAMED, THE PLAINTIFF ALLEGES:**

MUNICIPAL AND SUPERVISORY LIABILITY

(Monell Claim-Municipal Liability Pursuant to 42 U.S.C. Section 1983)
Retaliation and Failure to Train and Supervise Police Officers Interacting with Citizens Exercising Their First Amendment Right.

51. Plaintiff realleges each and every paragraph in this Complaint as if fully set forth herein.

52. Defendants have a policy, practice and/or custom of using cover charges such as obstruction and/or resisting arrest; and of retaliating against citizens engaging in constitutionally protected expression.

53. On October 30-31, 2021, the City of Buffalo tacitly and explicitly authorized the retaliation against citizens engaging in constitutionally protected expression filming police practices, and the charges of obstruction and/or resisting arrest to shield excessive force of its officers.

54. The City of Buffalo, acting pursuant to the foregoing policies, practices, or customs, retaliated against plaintiff by assaulting him.

55. Defendant City of Buffalo has failed to properly train and/or supervise its officers, agents and employees on (a) how to refrain from retaliating against citizens engaged in constitutionally protected expression, (b) how to interact with citizens filming police brutality, and/or police interactions, and (c) the crimes of obstruction and/or resisting arrest.

56. These failures resulted in violation of plaintiff's rights under the First, Fourth and Fourteenth Amendments of the U.S. Constitution.

57. As a direct and proximate result of the actions and omissions described in this complaint, Plaintiff incurred economic and noneconomic damages, as alleged herein.

58. Plaintiff was required to hire attorneys to represent him in this matter and are thus entitled to an award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

**SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS, ABOVE-NAMED, THE PLAINTIFF ALLEGES:**

(First, Fourth & Fourteenth Amendments to the U.S. Constitution – Retaliation - against all Defendants)

59. Plaintiff restates and realleges each and every paragraph of this Complaint as if fully set forth herein.

60. Plaintiff was engaged in constitutionally protected activity when the defendants acting or purporting to act in the performance of their official duties as law enforcement officers, pursuant to the orders and policies of the Defendant City of Buffalo, when they assaulted plaintiff, causing serious personal injury that would chill an ordinary person from continuing to engage in that activity.

61. Upon information and belief, those actions and omissions, including the state violence used to cover up excessive force by charging citizens with obstruction and/or resisting arrest; and/or to prevent filming of police practices; and/or to prevent a citizen from their right to walk away from police; were substantially motivated by a desire to retaliate against plaintiff, for exercising his constitutionally protected rights, and punish him for the actions of others.

62. The retaliation by defendants was motivated by evil motive or intent, involved reckless or callous indifference to plaintiff's First, Fourth, and Fourteenth Amendment rights guaranteed and secured by the United States Constitution, and/or was done so wantonly or oppressively.

63. As a direct and proximate result of defendants' unconstitutional actions, including the implementation and enforcement of the use of force to stop a citizen from walking away from an officer and/or for filming police practices, plaintiff suffered injuries entitling him to recover compensatory and punitive damages.

## SEVENTH CLAIM AGAINST ALL DEFENDANTS, ABOVE-NAMED,
## THE PLAINTIFF ALLEGES:

(Fourth and Fourteenth Amendments – Excessive Force and Deliberate Indifference to Health and Safety, and False Arrest/False Imprisonment and Unreasonable Search and Seizure, 42 U.S.C. § 1983)

64. Plaintiff restates and realleges each and every paragraph of this Complaint as if fully set forth herein.

65. By their unlawful actions as described herein, defendants, under color of law, subjected plaintiff, to the deprivation of rights, privileges, or immunities guaranteed and secured by the United States Constitution, namely, plaintiff's rights to freedom from unreasonable seizure by the use of unlawful, unnecessary and excessive use of force against plaintiff.

66. Defendants violated rights held by plaintiff which were clearly established, and no reasonable official similarly situated as defendants could have believed that such conduct was lawful or within the bounds of reasonable discretion. Therefore, defendants lack qualified or statutory immunity from suit or liability.

67. As a direct and proximate cause of the actions described herein, plaintiff sustained economic and noneconomic damages, including physical pain and suffering; loss of liberty; damage and/or loss of property, all to an amount to be ascertained according to proof at trial.

68. Defendants' use of force was sufficiently unreasonable and conscience shocking.

69. The actions of defendants, as described herein, were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon plaintiff. As a result of this intentional conduct, plaintiff, is entitled to punitive damages against defendants, in an amount sufficient to punish them and to deter others from similar conduct.

70. Plaintiff was required to hire attorneys to represent him in this matter and is thus entitled to an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, plaintiff asks this Court to GRANT the following relief:

Compensatory, special, and equitable damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction; Award attorneys' fees and costs pursuant to 42 U.S.C. §§1983 and 1988; Punitive damages; and for such other, further, or different relief as the Court may deem just and proper, together with the costs and disbursements of the action.

DATED:   Buffalo, New York
         August 30, 2024

                                                LIPSITZ GREEN SCIME CAMBRIA LLP

                                                By:  */s/ Melissa D. Wischerath*
                                                MELISSA D. WISCHERATH, ESQ.
                                                Attorneys for Plaintiff
                                                42 Delaware Avenue, Suite 120
                                                Buffalo, New York 14202-3924
                                                (716) 849-1333